IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGINA HARRIS and DONALD HARRIS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:14-cv-1173-WHA-CSC |
| ESFANDIYAR AGHABABAEI, NARINDER SINGH d/b/a SIDHU TRUCKING;  and LIBERTY MUTUAL GROUP, | ) ) ) ) ) | (WO) |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Motion to Remand (Doc. # 8) filed on December 17, 2014 by Plaintiffs Regina and Donald Harris.  Also before the court are the Response to the Motion (Doc. # 12) filed by Defendants Esfandiyar Aghababaei and Narinder Singh d/b/a Sidhu Trucking (collectively, "Defendants") and Plaintiffs' Reply thereto (Doc. # 13).  Defendant Liberty Mutual Group ("Liberty Mutual") has filed a Motion to opt out of further participation in this lawsuit (Doc. # 7).  The Plaintiffs also filed a Motion to Dismiss Liberty Mutual as a party (Doc. # 14) the same day they filed their Reply, on January 21, 2015.

The Plaintiffs filed their original state court Complaint on October 8, 2014, in the Circuit Court of Bullock County, Alabama.  The Complaint alleges claims arising out of an automobile accident for negligence; wanton and reckless conduct; negligent, reckless and/or wanton violations of rules of the road; negligent entrustment; and an uninsured/underinsured motorist

1

claim with regard to Liberty Mutual Group (Doc. # 1-1 at 8–11).   Defendant Aghababaei timely removed the case to this court on November 25, 2014.[1]

For the reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

Because this case was originally filed in state court and removed to federal court, the Defendants bear the burden of proving that federal jurisdiction exists.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

## III. FACTS

The Complaint alleges the following facts:

On or about July 18, 2014, the Plaintiffs were traveling by automobile on Highway 110 in Bullock County, Alabama.  They were struck by a vehicle driven by Defendant Aghababaei, who was operating the vehicle in the scope of his employment as a driver for Defendant Sidhu Trucking. The Plaintiffs both sustained serious physical injuries.

---

[1] The date of the Notice of Removal was within 30 days of service on Defendant Aghababaei, which occurred on October 28, 2014.

## IV. DISCUSSION

"Except as otherwise expressly provided by Act of Congress," a defendant may remove from state court any civil case that could have originally been brought in federal court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332.  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

### A. Diversity of Citizenship

The parties do not dispute whether diversity of citizenship exists in this case; Plaintiffs appear to concede that it does.  According to the Notice of Removal, the Plaintiffs are citizens of Bullock County, Alabama, Defendant Aghababaei is a citizen of California, Defendant Singh is a citizen of California, and Defendant Liberty Mutual Group is a citizen of Masschusetts.  Because no Plaintiff has the same citizenship as any Defendant, complete diversity exists in this case.

### B. Amount in Controversy

Plaintiffs' original Complaint expressly limits its prayer for damages using the following language: "[T]he Plaintiffs respectfully demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages, not to exceed $74,500, in the aggregate, for all claims under this lawsuit and for cost and interest."  (Doc. # 1-1 at 11.)  The Plaintiffs further represent their limited damages demand to this court in the Motion to Remand, stating: "Plaintiffs affirmatively state to this Court that their damages do not exceed $74,500 as set forth in the complaint." (Doc. # 8 at 2 ¶ 1.)  Despite this limitation, Defendants argue that the fact that Plaintiffs named their uninsured motorist carrier, Liberty Mutual, in the lawsuit means that the amount in controversy is greater than $75,000.  The Defendants claim that because their own

insurance policy has a maximum of $1 million in coverage and Liberty Mutual would only pay additional damages above that threshold, the amount in controversy necessarily exceeds the insurance coverage cap due to Liberty Mutual's presence in the suit.  As explained further below, the Defendants' arguments are not persuasive. As a preliminary matter, the court first must determine the appropriate standard of review for evaluating whether the Defendants have met their burden of persuasion.

### 1.  Standard of Review

The parties disagree as to the proper standard of review for whether the Defendants have carried their burden of showing the amount in controversy exceeds $75,000.  The Defendants argue the court should determine whether the requirement has been met by a preponderance of the evidence (Doc. # 12 at 4 ¶ 4), while the Plaintiffs claim the Defendants must show "to a legal certainty" that any recovery in the suit must exceed $75,000.  (Doc. # 8 at 3 ¶ 6.)

Until recently, the Plaintiffs' position was correct.  The Eleventh Circuit held in *Burns* that in situations where the complaint demands a specific amount of damages, the legal certainty standard applies.  31 F.3d at 1095.  The standard was altered, however, by a 2011 statutory amendment to 28 U.S.C. § 1446.  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, § 103, 125 Stat. 758, 762 (2011) (enacted December 7, 2011, and taking effect January 6, 2012).  The newly amended § 1446(c)(2) reads as follows:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, *by the preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446 (emphasis added). In cases falling under the terms of § 1446(c)(2), therefore, the preponderance of the evidence standard now applies. The Supreme Court recognized this change, citing the Jurisdiction and Venue Clarification Act, in its recent opinion in *Dart Cherokee Basin Operating Co., LLC v. Owens*. *See* 135 S. Ct. 547, 553–54 (2014) (When the amount in controversy is in dispute, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.").

Even before *Dart*, two Middle District of Florida decisions recognized that in Florida, "the newly amended § 1446 displaces previous Eleventh Circuit case law [including *Burns*], which held that, when a state court complaint explicitly seeks an amount of damages less than the jurisdictional amount, removal to federal court is allowed only if the removing defendant can establish to a 'legal certainty' that the amount in controversy exceeds the jurisdictional threshold." *Perez v. Cellco P'ship*, No. 8:14-CV-926-T-30TGW, 2014 WL 2215745, at *2 (M.D. Fla. May 28, 2014) (quoting *Wilt v. Depositors Ins. Co.*, No. 6:13-cv-1502-Orl-36KRS, 2013 WL 6195768, at *5 (M.D. Fla. Nov. 26, 2013)).

The Middle District of Florida decisions found the newly amended § 1446(c)(2) applicable in appropriate Florida-based cases because Florida permits recovery in excess of the amount of damages specified in a state court complaint. *Perez*, 2014 WL 2215745, at *2 (citing *Wilt*, 2013 WL 6195768, at *6 n.6). Similarly, Alabama also permits recovery of damages

5

exceeding the amount claimed in the *ad damnum* clause.  *See* Ala. R. Civ. P. 54(c) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.").

For these reasons, the court finds that the amended § 1446(c)(2) governs in this case.  As contemplated by § 1446(c)(2)(A)(ii), the initial pleading demands a money judgment and "State practice . . . permits recovery of damages in excess of the amount demanded."  Therefore, the court finds it must evaluate whether the Defendants have shown, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.

**2.  Analysis of the Evidence in this Case**

Here, the Plaintiffs have affirmatively stated in their state court Complaint and their Motion to Remand that their damages do not exceed $74,500.  On the other hand, the Defendants argue that the presence of Liberty Mutual, the Plaintiffs' uninsured motorist carrier, as a party in the suit means the amount in controversy exceeds $1 million, the amount of liability coverage available to the Defendants.  Because Liberty Mutual would only be required to pay in the event that any recovery exceeds $1 million, the Defendants argue that Liberty Mutual's continuing presence indicates an amount in controversy exceeding the jurisdictional threshold.

In response to this argument, the Plaintiffs counter that Liberty Mutual was included as a party at the outset of litigation so they could "hedge their bets," as they had no way of knowing whether and to what extent the Defendants were insured.  (Doc. # 8 at 10–11 ¶ 29.)  They maintain Liberty Mutual was still in the suit at the time of the Motion to Remand because they "[had] no way of knowing, as the removing Defendant has not filed an answer to the complaint and neither has his employer, what defenses might be raised or the financial state of Defendants' insurer . . . ."  (*Id.* at 11 ¶ 29.)  Thus, at the time of the Motion to Remand Plaintiffs continued to

argue they needed to "hedge their bets" when it came to the availability of insurance coverage to the Defendants.  Now, however, in response to the Defendants' evidence of the limits of their own liability coverage, the Plaintiffs have filed a motion to dismiss Liberty Mutual.[2]

In determining whether diversity jurisdiction exists, the court must examine the facts as they stood on November 25, 2014—the date of removal.  *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[W]e note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal.").  It may also use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).  Keeping these precedents in mind, the court will next proceed to determine whether it is more likely than not that the jurisdictional threshold has been met in this case.

As discussed above, the main factor urged by the Defendant as weighing in favor of federal jurisdiction in this case is the fact that, as of the time of removal, Liberty Mutual remained in the case as a party.  Because Liberty Mutual would only be required to pay in the event that total liability exceeds $1 million,[3] Defendants argue the amount in controversy inescapably meets the diversity jurisdiction threshold of more than $75,000.

While Liberty Mutual's continued presence is a relevant factor, the court finds it is outweighed by other evidence in this instance.  First, although Liberty Mutual was a party at the time of removal, and post-removal changes cannot be determinative, the court does consider the Plaintiffs' motion to dismiss as evidence of their intention to limit their damages to $74,500, as claimed in the Complaint.  Also, the Plaintiffs have attached records of each of their medical

---

[2] While the court's finding that it lacks jurisdiction in this case prevents it from granting that motion, it does consider the filing of the motion as evidence, with confidence that the Circuit Judge in Bullock County will grant it.
[3] Defendants attached a copy of a policy owned by Defendant Singh to the Notice of Removal, showing $1,000,000 in Single Limit liability coverage.  (Doc. # 1-2 at 2.)

bills stemming from the accident.  According to those records, Regina Harris has incurred medical costs in the amount of $14,178.33, while Donald Harris has incurred costs in the amount of $7,381.95.  These costs alone total substantially less than $75,000.  To be sure, the Plaintiffs have alleged other damages, to include permanent injury, future medical costs, and permanent inability "to pursue many normal and usual activities."  (Doc. # 1-1 at 8 ¶ 13d.)  The court recognizes that no exact value can be assigned to these sources of damages, and any amount to be awarded in the future is in fact speculative.  However, damage caused to the vehicles was not extensive or severe, as indicated by the post-accident photographs attached to the Motion to Remand.  (Doc. # 8-3 at 2–3.)  No one was killed in the accident, and the vehicles involved sustained relatively minor damage.  This causes the court to infer that future damages will accordingly not be extensive.

Additionally, the court takes seriously the Plaintiffs' consistent representations through counsel of their own damages as not exceeding $74,500, and that "the Plaintiffs have made abundantly clear that they will not seek damages in excess of $74,500."  (Doc. # 13 at 3–4 ¶ 12).  While the "legal certainty" test from *Burns* no longer applies in this scenario, the limitation on the damages demand is relevant evidence to be weighed, as counsel for Plaintiffs have a duty of candor to the tribunal, and therefore the court takes these representations as true and correct.  They cannot be determinative, but the court considers them another relevant factor in assessing the amount in controversy.

 Considering all of these factors as a whole, the court finds that the amount in controversy threshold has not been satisfied in this case by a preponderance of the evidence.  The Defendants have the burden of establishing federal jurisdiction because they removed the case.  In the absence of evidence other than speculation about the implications of Liberty Mutual's continued

presence as a party, which will no longer exist when the state court grants the Plaintiffs' Motion to Dismiss, and in light of the multiple other countervailing factors discussed above, the court finds it is not "more likely than not" that the amount in controversy exceeds $75,000.

Contrary to the Defendants' assertions, the fact that the Plaintiffs have not expressly stipulated to their limitations on damages is not dispositive.  Much in the same way that the court agrees with the Defendants that the Plaintiffs' limitations on damages are "not determinative" in capping the amount in controversy, it finds the limitations are also not determinative in proving the amount in controversy exceeds $75,000.  To support their argument, the Defendants cite *Moss v. Voyager*, 43 F. Supp. 2d 1298, 1302–03 (M.D. Ala. 1999), in which the Plaintiff did not demand a specific amount of damages in the complaint, then stipulated both that the amount controversy "[did] not exceed $75,000" and that "under no circumstances [would she] seek nor accept more than $75,000 even if the jury verdict exceeds that amount."  Here, the Plaintiffs' representations resemble those declarations, to the extent the Plaintiffs' counsel states as an officer of the court, on behalf of his clients, that they "will not seek damages in excess of $74,500."  The Plaintiffs have consistently represented their damages as less than $74,500 since their initial Complaint, unlike the plaintiff in *Moss*.

The instant case is also distinguishable from other opinions of this court which found diversity jurisdiction existed when an uninsured/underinsured motorist carrier was named as a party.  The first of these two opinions is *Oliver v. Rodriguez*, No. 2:08-cv-0081-WHA, 2008 WL 928328 (M.D. Ala. Apr. 4, 2008) (Albritton, J.), also cited by Defendants in their Response to the Motion to Remand.  In *Oliver*, as in the instant case, the plaintiff incurred injuries in an automobile accident and named his uninsured motorist carrier in addition to other defendants. *Id.* at *1.  Unlike the instant case, the plaintiff sought "no specified damages" and refused, when

asked, to stipulate to damages or to stipulate to the dismissal of the uninsured motorist carrier. *Id.* at *2, *4. The court found it had jurisdiction and denied the motion to remand "[b]ased on the Plaintiff's naming of [the UIM carrier], his failure to dismiss [the UIM carrier] after learning of the primary insurer's policy limits, his refusal to stipulate to less than $75,000, and his estimation of actual damages." *Id.* at *4. Here, not only have the Plaintiffs specifically claimed less than $75,000 in their Complaint, and maintained from the start that their damages fall below the jurisdictional threshold, but they have also indicated their willingness to stipulate to the dismissal of Liberty Mutual by filing a motion to that effect. For these reasons, the court finds *Oliver* distinguishable from the instant case.

Second, this court found it had diversity jurisdiction in *Hudson v. McGowan*, No. 3:10cv56-WHA, 2010 WL 1416510 (M.D. Ala. Apr. 8, 2010) (Albritton, J.). There, the plaintiffs also did not demand a specified amount in damages in the state court complaint, and also named their underinsured motorist carrier as a party to the suit. *Id.* at *1. The defendant submitted evidence illustrating that her insurance policy limit was $100,000. Unlike the instant case, the defendant also submitted a letter from the plaintiffs' attorney, stating the plaintiffs "[would] not take anything less than policy limits." *Id.* at *2. This court found it had jurisdiction due to "evidence of the letter, evidence that [the defendant's] policy limits exceed $75,000, and the fact that the underinsured motorist carrier was also sued." *Id.* The letter is the primary distinguishing feature of *Hudson* as compared to the instant case, and it is a critical one, along with the fact that the initial complaint there sought an unspecified amount of damages. While the plaintiffs' attorney in *Hudson* wrote a letter seeking *at least* $100,000 by stating his clients would not accept less than policy limits, the Plaintiffs here have been consistent in representing that they seek no more than $74,500. While the cases have some factors in

common, the absence of such a letter in combination with the other evidence discussed above tips the balance in favor of remand in this case.

Because the preponderance standard applies to the jurisdictional inquiry, no one piece of evidence is dispositive in this case.  However, the burden of establishing jurisdiction is on the Defendants, and they have argued only that the presence of Liberty Mutual implies the amount in controversy is higher than $75,000 and that the Plaintiffs have fallen short of a fully binding stipulation that they will not accept any damages award exceeding their demand.  The court finds these arguments insufficient to establish the amount in controversy by a preponderance of the evidence in light of the low amount of medical bills thus far, the lack of severe damage from the collision indicated by the photographs of the scene, the motion to dismiss Liberty Mutual, and the Plaintiffs' counsel's consistent representations, as an officer of the court, that their damages do not exceed, nor will the Plaintiffs seek more than, $74,500.

## V. CONCLUSION

For the stated reasons, it is hereby ORDERED as follows:

(1) Plaintiffs' Motion to Remand (Doc. # 8) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Bullock County, Alabama.  The clerk is DIRECTED to take appropriate steps to effect the remand.

(3) Other pending motions are left for determination by the state court, but with reliance on Plaintiffs' counsel's representations and with confidence that the state court will grant the Plaintiffs' Motion to Dismiss Liberty Mutual as a Defendant.

DONE this 28th day of January, 2015.

 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE